UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROXANNE JAMORABON, as
Personal Representative for the
ESTATE of KIRK, a deceased minor,
and for the benefit of the survivors,

 Plaintiff,

vs.             Case No. _____

UNITED STATES OF AMERICA;
MICHELLE VILLAR-DIAZ, M.D.; and
PREMIER COMMUNITY HEALTHCARE
GROUP, INC.

 Defendants.
_____/

## COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT

The Plaintiff, ROXANNE JAMORABON, as Personal Representative for the ESTATE of KIRK, a deceased minor, and for the benefit of the survivors ("Plaintiff"), by and through her undersigned attorneys, hereby sues the Defendants, UNITED STATES OF AMERICA ("USA") MICHELLE VILLAR-DIAZ, M.D. ("VILLAR-DIAZ"), PREMIER COMMUNITY HEALTHCARE GROUP, INC. ("PREMIER") and alleges as follows:

# JURISDICTION, VENUE, AND CONDITIONS PRECEDENT

1. At all times material hereto, Plaintiff was a resident of Wesley Chapel, Pasco County, Florida, and is otherwise *sui juris* for this action in the Middle District of Florida.

2. The claims herein are brought against the USA pursuant to the Federally Supported Health Centers Assistance Act of 1992, Public Law No. 102-501, 42 U.S.C. § 233(g)(k), and the amended the Federally Supported Health Centers Assistance Act of 1995, Public Law No. 104-73, 42 U.S.C. §201 provides that the Federal Tort Claims Act 28 U.S.C. §1346(b), § 2401(b) and § 2671-80, is the exclusive remedy, for injuries including death, caused by employees of a deemed community Health Center.

3. Plaintiff's claim is brought under the theory of medical malpractice, Florida Statutes, Chapter 766.  Both the Plaintiff and her husband, Christopher Kirk, are the Estate's qualifying statutory survivors entitled to recovery under Florida's Wrongful Death Act as the natural parents of the deceased minor child.

4. At the time of the alleged medical malpractice, VILLAR-DIAZ was employed by PREMIER, a Federally Supported Health Center, and therefore VILLAR-DIAZ and PREMIER fall under the Federal Tort Claims Act as outlined in paragraph 2.

5. Venue is proper in that all of the acts and omissions forming the basis of these claims occurred at Florida Hospital Zephyrhills, Inc. d/b/a Advent Health Zephyrhills in Pasco County in the Middle District of Florida and arose on or about August 21, 2021.

6. The Plaintiffs have fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act.

7. This suit has been timely filed, in that Plaintiff timely served notice of their claim on June 21, 2022, to the United States Department of Health and Human Services ("USDHHS") (Exhibit A). USDHHS assumed responsibility for processing the claim on September 14, 2022, and thereafter denied the claim. Additionally, the Plaintiff has completed an extensive pre-suit screening process of the claim in compliance with Florida Statutes §766.106 which these Defendants refused to participate in.

8. The requirements for filing a claim under the Federal Tort Claims Act were met by the Plaintiff and all conditions precedent have been satisfied.

**EVENTS FORMING THE FACTUAL BASIS FOR THIS ACTION**

9. On or about August 21, 2021, and while under the obstetrical care of Defendant, VILLAR-DIAZ, ROXANNE JAMORABON experienced signs and symptoms of labor when she was hospitalized for the labor and delivery of her baby.

10. On or about August 21, 2021, Plaintiff, ROXANNE JAMORABON's, labor progressed normally until she reached approximately 9 centimeters of dilation.

11. On or about August 21, 2021, after reaching 9 centimeters of dilation, ROXANNE JAMORABON's labor progression stopped, and she was unable to reach 10 centimeters of dilation for multiple hours. When labor progression stops, standard practice requires that the Defendant-physician, VILLAR-DIAZ, to closely monitor the fetal heart tracings for indications of fetal acidemia. Fetal acidemia requires timely intervention, such as Cesarean section, to avoid fetal injury or death.

12. On or about August 21, 2021, from 7:18 am – 12:19 pm, the fetal heart tracing strips showed persistent abnormal category 2 variable decelerations indicative of potential fetal deterioration.

13. In the presence of said deterioration, with a failure to quickly improve over a period of 1 to 2 hours, the medical standards require a timely order by the obstetrician for operative vaginal or cesarean delivery. Defendant, VILLAR-DIAZ failed to timely effectuate such order, ultimately leading to the baby's deterioration and death.

14. On or about August 21, 2021, the medical records indicate that a Cesarean section was belatedly called, but not timely executed on an urgent or

expedited basis resulting in the baby coming naturally due to the delay.

15. On or about August 21, 2021, Defendant, VILLAR-DIAZ, and her employer-master, Defendant, PREMIER, and its agent, Defendant, USA, acted negligently or negligently failed to act resulting in either direct or vicarious responsibility.

## COUNT I – MEDICAL NEGLIGENCE CLAIM AGAINST USA FOR MEDICAL NEGLIGENCE BY DEFENDANT, VILLAR-DIAZ

16. Plaintiff repeats and realleges all allegations in paragraphs 1 through 15 as if each paragraph was fully repeated verbatim herein.

17. At all times material, ROXANNE JAMORABON and Christopher Kirk, were the natural parents of decedent. At said time, ROXANNE JAMORABON was the obstetrical patient of Defendant, VILLAR-DIAZ.

18. VILLAR-DIAZ was employed by Defendant, PREMIER, a federally deemed community Health Center. The Federal Tort Claims Act setting forth actions against Defendant, USA, is the exclusive statutory remedy, for the damages caused by employees, such as VILLAR-DIAZ, of the federally deemed community health center, PREMIER.

19. At all times material hereto, a medical provider/patient relationship existed between Defendant, VILLAR-DIAZ, and ROXANNE JAMORABON and the deceased minor.

20. By virtue of said relationships, Defendant, VILLAR-DIAZ, owed a duty to ROXANNE JAMORABON and the deceased minor to provide medical care and treatment which would comply with the prevailing professional standards of care.

21. Defendant, VILLAR-DIAZ, through her employer, PREMIER, breached her duty and committed the following negligent acts or omissions, any of which standing alone would constitute a deviation from the prevailing professional standard of care:

   a. VILLAR-DIAZ negligently failed to monitor, report and act timely on concerning fetal heart tracings;

   b. VILLAR-DIAZ negligently failed to act on concerning fetal heart tracings for 5 hours in which time the fatal natural delivery occurred;

   c. VILLAR-DIAZ negligently failed to timely or urgently order and execute a Cesarean section;

22. As a direct and proximate result of the negligence of PREMIER's employee, Defendant, VILLAR-DIAZ, KIRK, a minor, died. Personal Representative, ROXANNE JAMORABON, on behalf of all qualifying survivors seeks recovery of all damages recoverable under federal and Florida law that include, but may not be limited to: all wrongful death damages, loss of earnings,

loss of net accumulations, medical expenses, funeral expenses, and mental pain and suffering of the surviving parents from the date of injury set forth above, and anything else recoverable by the Estate and its survivors under the applicable medical malpractice and wrongful death statutes.

WHEREFORE, Plaintiff, ROXANNE JAMORABON, as Personal Representative for the ESTATE of KIRK, a deceased minor, and for the benefit of the survivors, demands judgment for the Estate's survivors and wrongful death damages listed above against Defendant, USA for the negligence of MICHELLE VILLAR-DIAZ, M.D., an employee of the federal community Health Center, PREMIER.

### COUNT II: VICARIOUS LIABILITY CLAIM FOR MEDICAL MALPRACTICE UNDER FLORIDA STATUTES CHAPTER 766 AGAINST PREMIER COMMUNITY HEALTHCARE GROUP, INC.

23. Plaintiff repeats and realleges all allegations in paragraphs 1 through 22 as if each paragraph was fully repeated verbatim herein.

24. At all times material hereto, Defendant, VILLAR-DIAZ, was a physician duly licensed to practice medicine in the State of Florida and held herself out to the public at large and to the Plaintiff as a physician skilled in the practice of medicine and in the medical specialty of obstetrics.

25. At all times material hereto, Defendant, VILLAR-DIAZ, was employed by Defendant, PREMIER, and was medically treating the Plaintiff,

ROXANNE JAMORABON and KIRK, a deceased minor, within the course and scope of her employment with Defendant, PREMIER.

26. On August 21, 2021, the Defendant, VILLAR-DIAZ, committed the acts or omissions of negligence set forth in paragraph 21(a-c), any of which standing alone would constitute a deviation from the prevailing professional standard of care.

27. Defendant, PREMIER, by and through its agent, Defendant, VILLAR-DIAZ, had and undertook the duty to provide ROXANNE JAMORABON and KIRK, a deceased minor, with medical care and services in accordance with that level of care which is recognized as acceptable and appropriate by reasonably prudent similar health care providers.

28. By the virtue of the physician/patient relationships identified and alleged above, Defendant, PREMIER, through Defendant, VILLAR-DIAZ, owed a duty to ROXANNE JAMORABON and KIRK, a deceased minor, to provide them with medical care and treatment which would meet or exceed the prevailing professional standards of care.

29. At all times material, Defendant, VILLAR-DIAZ, provided care and treatment to ROXANNE JAMORABON and KIRK, a deceased minor, and she was acting in the course and scope of her employment with Defendant, PREMIER. Alternatively, she was the actual, apparent or ostensible agent of

Defendant, PREMIER in connection with the care and treatment provided to both ROXANNE JAMORABON and KIRK, a deceased minor. As such, Defendant, PREMIER, is responsible for Defendant, VILLAR-DIAZ's negligent acts and/or omissions pursuant to Doctrine of Respondent Superior.

30. Alternatively, Defendant, VILLAR-DIAZ, was discharging a non-delegable duty Defendant, PREMIER, owed ROXANNE JAMORABON and KIRK, a deceased minor, by virtue of the necessity of Defendant, VILLAR-DIAZ's services to operate and properly staff the community health center. As such, Defendant, PREMIER, is vicariously responsible for the acts and omissions of Defendant, VILLAR-DIAZ, as alleged herein.

31. As a direct and proximate result the negligence of the Defendant, PREMIER's, agent, KIRK, a minor, died. Personal Representative, ROXANNE JAMORABON, on behalf of all qualifying survivors seeks recovery of all damages recoverable under federal and Florida law that include, but may not be limited to: all wrongful death damages, loss of earnings, loss of net accumulations, medical expenses, funeral expenses, and mental pain and suffering of the surviving parents from the date of injury set forth above, and anything else recoverable by the Estate and its survivors under the applicable medical malpractice and wrongful death statutes.

WHEREFORE, Plaintiff, ROXANNE JAMORABON, as Personal Representative for the ESTATE of KIRK, a deceased minor, and for the benefit of the survivors, demands judgment for the damages for the ESTATE's survivors and wrongful death damages listed above against Defendant, PREMIER COMMUNITY HEALTHCARE GROUP, INC., for the negligent actions of its agent, MICHELLE VILLAR-DIAZ, M.D.

### COUNT III:  MEDICAL MALPRACTICE CLAIM UNDER FLORIDA STATUTES CHAPTER 766 AGAINST MICHELLE VILLAR-DIAZ, MD

32. Plaintiff repeats and realleges all allegations in paragraphs 1 through 31 as if each paragraph was fully repeated verbatim herein.

33. At all times material hereto, ROXANNE JAMORABON and Christopher Kirk, were the natural parents of decedent.  At said time, ROXANNE JAMORABON was the obstetrical patient of Defendant, VILLAR-DIAZ.

34. At all times material hereto, VILLAR-DIAZ was employed by Defendant, PREMIER, a federally deemed community Health Center.

35. At all times material hereto, a medical provider/patient relationship existed between Defendant, VILLAR-DIAZ, and ROXANNE JAMORABON and the deceased minor.

36. By virtue of said relationships, Defendant, VILLAR-DIAZ, owed a duty to ROXANNE JAMORABON and the deceased minor to provide medical care and treatment which would comply with the prevailing professional standards of care.

37. Defendant, VILLAR-DIAZ, breached her duty and committed the following negligent acts or omissions, any of which standing alone would constitute a deviation from the prevailing professional standard of care:

    a. VILLAR-DIAZ negligently failed to monitor, report and act timely on concerning fetal heart tracings;

    b. VILLAR-DIAZ negligently failed to act on concerning fetal heart tracings for 5 hours in which time the fatal natural delivery occurred;

    c. VILLAR-DIAZ negligently failed to timely or urgently order and execute a Cesarean section;

38. As a direct and proximate result of the negligence of Defendant, VILLAR-DIAZ, KIRK, a minor, died. Personal Representative, ROXANNE JAMORABON, on behalf of all qualifying survivors seeks recovery of all damages recoverable under federal and Florida law that include, but may not be limited to: all wrongful death damages, loss of earnings, loss of net accumulations, medical expenses, funeral expenses, and mental pain and suffering of the surviving parents

from the date of injury set forth above, and anything else recoverable by the Estate and its survivors under the applicable medical malpractice and wrongful death statutes.

WHEREFORE, Plaintiff, ROXANNE JAMORABON, as Personal Representative for the ESTATE of KIRK, a deceased minor, and for the benefit of the survivors, demands judgment for the Estate's survivors and wrongful death damages listed above against Defendant, MICHELLE VILLAR-DIAZ, M.D.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable as a matter of right.

DATED this 23rd day of February, 2023.

> */s/ Wesley T. Straw, Esq.*
> **WESLEY T. STRAW, ESQUIRE**
> FBN: 0712418
> **MATTHEW D. EMERSON, ESQUIRE**
> FBN: 998461
> **EMERSON STRAW PL**
> 1101 Dr. Martin Luther King Jr. St. N.
> St. Petersburg, FL  33701
> (727) 821-1500/Fax: (727) 821-1511
> E-Mail: eservice@emersonstraw.com
> Counsel for Plaintiff